UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BLACK & DECKER CORPORATION, )<br>BLACK & DECKER, INC., BLACK & DECKER )<br>(U.S.) INC., EMHART CORPORATION, and )<br>EMHART INDUSTRIES, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 96-10804-DPW<br>NO. 1:04-CV-10661-DPW<br>[Harmonic Drive] |

**BLACK & DECKER'S RENEWED MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING HARMONIC DRIVE**

Defendants ("Black & Decker") move, pursuant to Fed.R.Civ.P. 56, for partial summary judgment that Liberty Mutual Insurance Company ("Liberty Mutual") is in breach of its duty to defend and indemnify Black & Decker with respect to the Black & Decker claim for insurance coverage regarding Harmonic Drive ("Harmonic Claim") on the ground that there is no genuine issue of material fact and Black & Decker is entitled to judgment as a matter of law. In support thereof, Black & Decker states:

1. Pursuant to the provisions of each of the blanket general liability insurance and/or comprehensive general liability insurance policies that Liberty Mutual issued to United Shoe Machinery Corporation for the period May 18, 1956 through January 1, 1969 (said insurance policies were exhibits 1-10, 34, admitted in evidence during the trial of Civil Action No. 96-10804-DPW in January and February, 2004; see also exhibit 35 admitted in evidence during said

trial, a stipulation as to the issuance and terms of two of said insurance policies), Liberty Mutual is obligated to defend Black & Decker with respect to the Harmonic Claim.

2. After receiving notice of the Harmonic Claim, Liberty Mutual refused to defend Black & Decker with respect to the Harmonic Claim.

3. Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to defend Black & Decker with respect to the Harmonic Claim.

4. Liberty Mutual cannot discharge its burden to prove, by a preponderance of the evidence, that it is not required to indemnify Black & Decker with respect to the Harmonic Claim.

5. Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to indemnify Black & Decker with respect to the Harmonic Claim.

6. The basis of this motion is set forth in greater detail in the memorandum in support of this motion, the appendix to said memorandum and the statement of material facts in support of this motion, all filed herewith and incorporated herein, as well as in the appendix to the motion for partial summary judgment that Black & Decker filed in Civil Action No. 96-10804-DPW and the exhibits admitted in evidence during the trial of Civil Action No. 96-10804-DPW, all incorporated herein.

7. Black & Decker is entitled to recover $517,256.56 in unreimbursed defense and indemnification costs that it has incurred by providing its own defense of the Harmonic Claim, plus pre-judgment interest.

## REQUEST FOR ORAL ARGUMENT

8.      Black & Decker believes that oral argument may assist the Court in its consideration of this motion and requests an opportunity to be heard in connection with the motion.

                                        By their attorneys,


Dated:  November 10, 2004              /s/ Jack R. Pirozzolo
                                        Jack R. Pirozzolo BBO# 400400
                                        Richard L. Binder BBO# 043240
                                        Willcox, Pirozzolo & McCarthy
                                        Professional Corporation
                                        50 Federal Street
                                        Boston, Massachusetts  02110
                                        (617) 482-5470